UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

MONDRELL L. WILSON                     CIVIL ACTION NO. 11-1391-P

VERSUS                                 JUDGE HICKS

WARDEN N. BURL CAIN                    MAGISTRATE JUDGE HORNSBY

MEMORANDUM ORDER

Before the Court is a petition for writ of habeas corpus filed by pro se petitioner Mondrell L. Wilson ("Petitioner"), pursuant to 28 U.S.C. §2254.  This petition was received and filed in this Court on July 26, 2011.  Petitioner is incarcerated at the Louisiana State Penitentiary in Angola, Louisiana.  He challenges his state court convictions and sentences. He names Warden N. Burl Cain as respondent.

On August 25, 2006, Petitioner was convicted of one count of second degree murder and one count of attempted second degree murder in Louisiana's First Judicial District Court, Parish of Caddo.  On September 25, 2006, he was sentenced to life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence as to the second degree murder conviction and 18 years imprisonment at hard labor without benefit of parole, probation, or suspension of sentence as to the attempted second degree murder conviction.

In support of this petition, Petitioner alleges (1) he was charged and tried by illegal institution of prosecution, (2) the State solicited illegal other crime evidence during the

trial, (3) African-Americans were excluded from the jury, (4) the State informed the jurors that he was incarcerated before and during trial, (5) the jury instructions were erroneous regarding second degree murder, and (6) he received ineffective assistance of counsel.

Title 28 U.S.C. §2244(d)(1)(A) was amended by AEDPA to provide a one-year statute of limitations for the filing of applications for writ of habeas corpus by persons in custody pursuant to the judgment of a state court.  This limitation period generally runs from the date that the conviction becomes final. 28 U.S.C. §2244(d)(1)(A).

From the information provided in the petition, it appears this petition is untimely because it was filed more than one year after Petitioner's convictions and sentences became final.  Nevertheless, review of this petition may still be proper if the claim asserted herein fall within one of three statutory exceptions found in 28 U.S.C. §2244(d)(1)(B),(C), or (D).  The time for filing federal habeas relief on claims which fall within these exceptions can, in appropriate cases, be extended beyond the one year period after conviction becomes final.  These exceptions apply (1) if the state imposes an unconstitutional impediment to the filing of a federal habeas petition, (2) if the Supreme Court recognizes a new constitutional right and makes the right retroactive to cases on collateral review, or (3) if the petitioner is unable through the exercise of due diligence to discover the factual predicate of the petitioner's federal habeas claim.  See 28 U.S.C. §2244(d)(1)(B)(C) and (D); Flanagan v. Johnson, 154 F.3d 196 (5th Cir. 1998).

Furthermore, the documentation submitted by Petitioner demonstrates that five of

Page 2 of  5

his claims were not properly exhausted through the appropriate state courts.  The documentation submitted by Petitioner includes a copy of a writ denial from the Louisiana Second Circuit Court of Appeal which shows his first five claims which were raised in his post-conviction relief application were denied pursuant to Louisiana's procedural bar La. C.Cr.P. art. 841.  State ex rel. Wilson v. State, 45,244 (La. 12/17/09).

Habeas corpus relief is available to a person who is in custody "in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254.  However, the right to pursue habeas relief in federal court is not unqualified.  It is well settled that a petitioner seeking federal habeas corpus relief cannot collaterally attack his state court conviction in federal court until he has exhausted all available state remedies.  Rose v. Lundy, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982); Minor v. Lucas, 697 F.2d 697 (5th Cir. 1983).

This requirement is not a jurisdictional bar but a procedural one erected in the interest of comity providing state courts first opportunity to pass upon and correct alleged constitutional violations. Picard v. Connor, 404 U.S. 270, 275, 92 S.Ct.509, 30 L.Ed.2d 438, 443 (1971); Rose v. Lundy, supra.

When state remedies are rendered unavailable by the petitioner's own procedural default, federal courts are barred from reviewing those claims. Sones v. Hargett, 61 F.3d 410 (5th Cir. 1995).  Assuming the state procedural bar operates as an independent and adequate state ground, the procedural default doctrine applies, and federal review is barred

unless petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. <u>Sones v. Hargett</u>, 61 F.3d at 418, citing <u>Coleman v. Thompson</u>, 501 U.S. 722, 750, 111 S.Ct. 2546, 2565, 115 L.Ed.2d 640 (1991).

Petitioner must demonstrate cause for his failure to present his claims to the appropriate state courts and actual prejudice as a result of the alleged assignments of error or demonstrate that this Court's failure to consider the claims will result in a fundamental miscarriage of justice.

Accordingly;

**IT IS ORDERED** that Petitioner submit within thirty (30) days after service of this order, a response hereto setting forth allegations which demonstrate that his petition is timely under the provisions of 28 U.S.C. §2244(d)(1).

**IT IS FURTHER ORDERED** that Petitioner submit to the Clerk of Court in Shreveport, Louisiana, within thirty (30) days after service of this order, a written response showing cause and actual prejudice or demonstrating that this Court's failure to consider his claims will result in a fundamental miscarriage of justice.

**Failure to comply with this order or failure to keep the court apprised of an address change will result in dismissal of this petition pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Rule 41.3W of the Uniform Local Rules for the District Courts of Louisiana.**

**THUS DONE AND SIGNED**, in chambers, at Shreveport, Louisiana, on this the

1st day of November 2011.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE