UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **MONDRELL L. WILSON** | **CIVIL ACTION NO. 11-1391-P** |
| **VERSUS** | **JUDGE HICKS** |
| **WARDEN CAIN** | **MAGISTRATE JUDGE HORNSBY** |

## REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

## STATEMENT OF CLAIM

Before the court is a petition for writ of habeas corpus filed by pro se petitioner Mondrell L. Wilson ("Petitioner), pursuant to 28 U.S.C. §2254. The petition was received and filed in this court on July 26, 2011. Petitioner is incarcerated in the Louisiana State Penitentiary in Angola, Louisiana. He challenges his state court convictions and sentences. Petitioner names Warden N. Burl Cain as respondent.

On August 25, 2006, Petitioner was convicted of one count of second degree murder and one count of attempted second degree murder in Louisiana's First Judicial District Court, Parish of Caddo. On September 25, 2006, he was sentenced to life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence as to the second degree murder conviction and 18 years imprisonment at hard labor without benefit of parole, probation, or suspension of sentenced as to the attempted second degree murder conviction.

In support of this petition, Petitioner alleges (1) he was charged and tried by illegal institution of prosecution; (2) the State solicited illegal other crime evidence during the trial; (3) African Americans were excluded from the jury; (4) the State informed the jurors that he was incarcerated before and during trial; (5) the jury instructions were erroneous regarding second degree murder; and (6) he received ineffective assistance of counsel.

For the reasons that follow, Petitioner is not entitled to the relief requested and his petition should be dismissed because it is barred by the one-year limitation period of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244.

## LAW AND ANALYSIS

On April 24, 1996, the AEDPA amended 28 U.S.C. § 2244 to provide for a "1-year period of limitation [that] shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court." The limitation period runs from the latest of four possible dates, as follows[1]:

1. the date "the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;"

2. the date "the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed if the applicant was prevented from filing by such State action;"

---

[1] The time during which a properly filed state post-conviction relief application or other collateral review is pending shall not be counted toward the period of limitations. See 28 U.S.C. § 2244(d)(2).

3. the date that "the constitutional right asserted was initially recognized by the Supreme Court," if it is newly recognized and made retroactively applicable; or

4. the date "the factual predicate of the claim . . . presented could have been discovered through . . . due diligence." 28 U.S.C. § 2244 (d)(1).

Therefore, in order to determine whether a petitioner has filed a timely application, the Court must allow the petitioner one year from the most recent date provided by subsections (1) through (4).

**Statutory Tolling**

In the case where a petitioner makes claims that do not implicate subsections (2) through (4), the court must determine when the petitioner's conviction became final on direct review and then toll the limitations period for the time taken for any "properly filed" collateral review applications.

Petitioner was convicted on August 25, 2006, and sentenced on September 25, 2006. The Louisiana Second Circuit Court of Appeal affirmed his convictions and sentences on September 19, 2007. State v. Wilson, 965 So.2d 992, 43,440, (La. App. 2 Cir. 9/19/07). The Supreme Court of Louisiana denied writs of review on March 7, 2008. State v. Wilson, 977 So.2d 898, (La. 3/7/08). In a case where a convicted person timely pursues his direct appeal through a writ application to the Supreme Court of Louisiana, the conviction and sentence become final for purposes of Section 2244 ninety days after the state's high court enters its judgment, which is when the time to file a petition for writ of certiorari with the Supreme

Court has expired. Roberts v. Cockrell, 319 F.3d 690, 693 (5th Cir. 2003). Therefore, Petitioner's one-year period commenced 90 days after March 7, 2008 on June 5, 2008.

The federal petition currently before the court was filed in this court on July 26, 2011 and signed by Petitioner on July 21, 2011. Since the federal clock began ticking on June 5, 2008 at the latest, and Petitioner had one full year in which to file his federal petition, Petitioner would have had to file this petition on or before June 5, 2009. This petition was not filed until July 2011, more than two years too late.

In addition, the post-conviction proceedings initiated by Petitioner in August 2009 do not serve to toll the one-year limitation period, as they were not filed within the one-year period. See supra footnote 1. Review of these proceedings continued until the Supreme Court of Louisiana denied relief on January 28, 2011. To toll the federal limitation period at all, a petitioner's post-conviction application must be filed within the federal one-year period. Petitioner did not file the application for post-conviction relief until August 2009, after the limitation period had already expired in June 2009. Thus, statutory tolling does not apply in this matter and this case is time barred.

**Equitable Tolling**

Petitioner argues that the federal one-year limitation period should be equitably tolled. The Fifth Circuit Court of Appeal has recognized that the one-year limitation period for filing a habeas corpus petition established in 28 U.S.C. §2244(d)(1) is not a jurisdictional bar and is therefore subject to equitable tolling. See Davis v. Johnson, 158 F.3d 806, 811 (5th Cir.1998). Although equitable tolling is a "discretionary doctrine that turns on the facts and

circumstances of a particular case," the court ordinarily "draw[s] on general principles to guide when equitable tolling is appropriate." Fisher v. Johnson, 174 F.3d 710, 713 (5th Cir. 1999). As a general rule, equitable tolling operates only "in rare and exceptional circumstances" where it is necessary to "preserve[ ] a plaintiff's claims when strict application of the statute of limitations would be inequitable." Davis, 158 F.3d at 810-11 (citation and internal quotation marks omitted). Equitable tolling thus applies " 'principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.'" Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir.1999) (citation omitted). As a consequence, neither "excusable neglect" nor ignorance of the law is sufficient to justify equitable tolling. Id.

     Petitioner argues that the federal one year limitation period should be equitably tolled. Petitioner claims that on February 26, 2009, he filed a motion in the state court to extend his time to file his application for post-conviction relief because of a medial condition. Petitioner claims the state court granted his motion and extended his filing date until September 18, 2009. The court notes that Petitioner's motion was unnecessary in the state court because Petitioner had two years from June 5, 2008 to timely file his application for post-conviction relief in the state court. La. C.Cr.P. art. 930.8. Petitioner claims he was unable to timely file this petition because he was confined to a prison hospital bed and because of numerous routine trips to the hospital. He also claims he is paralyzed from the waist down and confined to a wheel chair.

     The court finds these arguments for equitable tolling do not constitute "rare and

exceptional" circumstances sufficient to toll the statute of limitations. To the extent Petitioner attempts to argue he was physically unable to pursue his legal rights, the court is unconvinced. Indeed, in the right circumstances a physical impairment might call for equitable tolling. Fisher v. Johnson, 174 F.3d 710, 715 (5th Cir.1999). Petitioner's circumstances, however, do not raise those concerns. While the court is sympathetic to petitioner's physical condition, it is unconvinced that these health problems rendered him wholly unable to pursue his legal rights during the entire one-year time period. In Roberts v. Cockrell, 319 F.3d 690, 695 (5th Cir.2003), the Fifth Circuit found equitable tolling inapplicable where an inmate was hospitalized thirteen times in a one-year period. The Fifth Circuit concluded that Petitioner failed to "suppl[y] the necessary details concerning his hospitalizations, such as when and for how long and at what stage of the proceedings they occurred, so as to allow a determination of whether they could have interfered with his ability to file his § 2254 application in a timely manner." The court finds Petitioner in this case has also failed to supply the necessary details concerning his hospitalizations and confinement to his bed. Furthermore, Petitioner does not claim that he was unaware of the state court time limitations to file an application for post-conviction relief and the federal court time limitations to file a petition for writ of habeas. Thus, equitable tolling does not apply in this matter and this case is time barred.

      For the foregoing reasons, Petitioner's habeas petition should be dismissed because it is time barred by the one-year limitation period imposed by the AEDPA.

      Accordingly;

**IT IS RECOMMENDED** that Petitioner's application for writ of habeas corpus be **DENIED AND DISMISSED WITH PREJUDICE**, sua sponte, because it is time barred by the one-year limitation period imposed by the AEDPA. See Kiser v. Johnson, 1999 WL 199 (5th Cir. 1/6/99) (No. 11,292).

### OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

An appeal may not be taken to the court of appeals from a final order in a proceeding under Section 2254 unless a circuit justice, circuit judge, or district judge issues a certificate of appealability. 28 U.S.C. § 2253(c); F.R.A.P. 22(b). Rule 11 of the Rules Governing

Section 2254 Proceedings for the U.S. District Courts requires the district court to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate may issue only if the applicant has made a substantial showing of the denial of a constitutional right. Section 2253(c)(2). A party may, within **fourteen (14) days** from the date of this Report and Recommendation, file a memorandum that sets forth arguments on whether a certificate of appealability should issue.

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, this 13th day of February 2014.

Mark L. Hornsby
U.S. Magistrate Judge